People v Coppola (2025 NY Slip Op 50983(U))

[*1]

People v Coppola

2025 NY Slip Op 50983(U)

Decided on June 13, 2025

Criminal Court Of The City Of New York, Kings County

Johnson, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 13, 2025
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Krystal Coppola, Defendant.

Docket No. CR-055156-24KN

People: Kings County District Attorney's Office by ADA Alejandro Rosa-Guzman.
Defendant: by Melanie Marmer, Esq.

Jevet T. Johnson, J.

Defense counsel moves for an order of dismissal on speedy trial grounds alleging that more than ninety days elapsed had before she was served with the People's certificate of compliance (COC), statement of readiness (SOR), thereby rendering these certifications illusory.The People oppose. 
For the reasons explained more fully herein, defendant's motion is DENIED. PROCEDURAL HISTORY
Defendant was arraigned on a misdemeanor complaint which was filed on December 29, 2024, charging Criminal Contempt in the Second Degree and related charges. This commenced the running of the ninety-day period, less excludable time, within which the People must be ready for trial pursuant to the requirements of CPL § 30.30(1)(b). On March 31, 2025, the People filed their COC, NDF, SOR, in EDDS, and served defense counsel with the same via email on the same date. On April 10, 2025, defense counsel sent a conferral email. On April 23, 2025, defense counsel filed the underlying motion. 

SPEEDY TRIAL

Once a defendant alleges that the People have failed to announce their trial readiness within the statutory speedy trial time, the People must demonstrate that the disputed adjournments are excludable by reference to a statutory provision. People v. Luperon, 85 NY2d 71, 77-78 (1995); People v. Cortes, 80 NY2d 201 (1992); People v. Santos, 68 NY2d 859 (1986); People v. Berkowitz, 50 NY2d 333 (1980).
The prosecution also bears the burden to clarify, on the record, the basis for an adjournment so that the motion court can determine to whom the adjournment should be charged. People v. Cortes, supra, at 215-216; People v. Liotta, 79 NY2d 841 (1992); People v. Berkowitz, supra.

CERTIFICATE OF COMPLIANCE

CPL § 245.20(1) provides that, as part of initial discovery, the "prosecution shall disclose to the defendant, and permit the defendant to discover, inspect, copy, photograph and test, all items and information that relate to the subject matter of the case." This statute then provides a non-exhaustive list of categories of materials that are subject to disclosure. The COC "shall state that, after exercising due diligence and making reasonable inquiries to ascertain the existence of material and information subject to discovery, the prosecutor has disclosed and made available all known material and information subject to discovery." CPL § 245.50. 
The People are required to disclose documents "concerning physical or mental examinations . . . relating to the criminal action or proceeding which were made by or at the request or direction of a public servant engaged in law enforcement activity, or which were made by a person whom the prosecutor intends to call as a witness at trial or a pre-trial hearing, or which the prosecution intends to introduce at trial or a pre-trial hearing" (CPL § 245.20[1][j]).
The People have a corresponding obligation regarding their Certificate of Readiness, as a "statement of trial readiness must be accompanied or preceded by a certification of good faith compliance with the disclosure requirements of section 245 of this chapter and the defense shall be afforded an opportunity to be heard on the record as to whether the disclosure requirements have been met." CPL § 30.30(5). 
The People have a continuing duty to disclose material and, if they subsequently learn of material that should have been turned over, they are required to turn it over "expeditiously" pursuant to CPL § 245.60. The court, in its discretion, has a vast array of remedies or sanctions for failure to comply with discovery, including preclusion of evidence, an adverse instruction to the jury or dismissal (see CPL § 245.80[2]). Where the People acted with due diligence but nevertheless disclosed material belatedly, the court shall impose an appropriate sanction if the party entitled to disclosure makes a showing of prejudice (see CPL § 245.80[1]). Additionally, "no adverse consequence . . . shall result from the filing of a certificate of compliance in good faith and reasonable under the circumstances; but the court may grant a remedy or sanction for a discovery violation as provided in section 245.80." CPL § 245.60. 
In any challenge to the People's certification of compliance, the key question is whether the People exercised the requisite level of diligence and made reasonable inquiries to ascertain the existence of the materials. People v. Bay, 41 NY3d 200 (2023). In this case-specific analysis, the court will consider, among other factors: the prosecutor's efforts "to comply with the statutory requirements, the volume of discovery provided and outstanding, the complexity of the case, how obvious any missing material would likely have been to the prosecutor exercising due diligence, the explanation for any discovery lapse, and the People's response when apprised of any missing discovery." Id. at 212. Further, a subsequent filing of a supplemental certificate of compliance cannot cure a discovery failure where the People did not exercise due diligence before the initial certificate was filed. Id. at 212. Finally, when a certificate of compliance is found to be invalid for a lack of due diligence, a defendant need not demonstrate prejudice to obtain a speedy trial dismissal based on untimely discovery compliance. Id. at 213. 

DISCUSSION

Defense counsel argues that the People's COC and SOR are invalid due to faulty service and due to the fact that the People didn't sufficiently describe the DD5 and the DIR attachments included in their NDF. The court is not persuaded by either argument. Defense counsel, who is not an institutional defender, indicates that she does not accept electronic service of discovery [*2]unless the People ask express permission to effect service that way, and unless she grants that express permission. In support of this argument defense counsel cites to CPLR 2103(b).
CPLR 2103(b) governs the service of papers upon an attorney for a party in an action. Service must be accomplished personally, by mail or by overnight delivery service unless an attorney consents to service by other means [e.g. email] (CPLR 2103[b]). "By statute service is complete upon mailing" (Engel v. Lichterman, 62 NY2d 943, 944-945 [1984]). Moreover, "[s]ervice . . . is deemed complete upon mailing, regardless of whether the party for whom it is intended receives it" (Smith v. Lefrak Org., 96 AD2D 859, 860 [2d Dept 1983]; see also, M.C. v. State, 74 Misc 3d 683 (Court of Claims 2022]).
It is undisputed that the People filed their COC, SOR, NDF, with the court via EDDS on March 31, 2025. It is the filing of the statement of readiness that stops the clock and not the service upon defense counsel (People v. Kendzia, 64 NY2d 331 [1985]). The People, therefore, properly served their COC, SOR, and corroborating affidavit, within the time allotted.
The People affirm that they also served these documents on defense counsel via email on that same day and have attached the email evidencing the same (People's Exhibit B). It is irrelevant whether defense counsel received the documents as service is complete upon mailing. Defense counsel indicates that when she receives a request to be served electronically, whether by telephone or by email, that she is then "on the lookout" for the incoming COC. 
Defense counsel acknowledges that the People sent her an email on March 31, 2025, but states that she did not receive it until April 8, 2025, because it went to her spam folder. As a practicing defense attorney defense counsel should have her email settings configured so that nothing coming from the Brooklyn District Attorney's Office goes to her spam folder. If she does not have her inbox configured that way, that is her issue to deal with. 
Additionally, pursuant to 22 NYCRR 1245.4(a) electronic filing and service are mandatory on NYSCEF (New York State Electronic Filing) unless a party is a pro se litigant or unless an attorney certifies in a sworn statement " . . . that they lack either: (i) the computer hardware and/or connection to the internet and/or scanner or other device by which documents may be converted to an electronic format; or (ii) the requisite knowledge in the operation of such computers and/or scanners necessary to participate, pursuant to CPLR 2111(b)(3)(A) or (B). Such certification shall be served on all parties and filed with the court in hard copy." This requirement would necessarily also apply to EDDS.
There is no such certification on file with this court from defense counsel, nor do the People indicate that they were ever served with such certification. Moreover, once an attorney is exempt from electronic filing, everything must be filed and served in hard copy. Defense counsel filed her underlying motion electronically—it has an EDDS timestamp at the top. Therefore, defense counsel clearly possesses both the knowledge and hardware to effectuate electronic filing and would not qualify for the good faith exemption—nor has she produced one. Therefore, defense counsel is required to accept electronic service from the People. Additionally, defense counsel sent a conferral email to the People on April 10, 2025, and never mentioned or complained about the insufficient service until the underlying motion was filed on April 23, 2025.
As to defense counsel's complaint the DD5 and DIR attachments were not sufficiently described in enough detail, the court finds this argument unpersuasive also. The People are obligated to serve the underlying discovery. They are not obligated to provide a detailed outline of that discovery. Moreover, if there is a question about a specific piece of discovery, that is [*3]what conferral is for.

CONCLUSION

The court finds that defendant's motion to invalidate the People's SOR and COC as illusory for lack of service is not justified. It is undisputed that the accusatory instrument was filed on December 29, 2024, that the People's COC and SOR were filed on the March 31, 2025the 90th dayand that defense counsel filed the underlying motion on April 23, 2025. As the court finds the People's COC and SOR to be valid the People are charged a total of ninety days. As the People have not exceeded their ninety-day speedy-trial time limitation, the defendant's motion to dismiss is DENIED.
This constitutes the Decision and Order of the court.
Dated: June 13, 2025
Brooklyn, New York
ENTER:
Jevet T. Johnson, J.C.C.